TORKEL NYLAND, Plaintiff, v. NORTHERN PACKING COMPANY, Defendant.

(218 N. W. 869.)

**Workmen's Compensation Act — electing to proceed under Workmen's Compensation Act — precluded from bringing an action at law.**

Where a workman, injured in the course of his employment, elects to proceed under the Workmen's Compensation Act for compensation, he is thereby precluded from maintaining an action at law against his employer.

Note.—Application for and acceptance of benefits under workmen's compensation act as affecting right of action against employer independently of that act, see annotation in 50 A.L.R. 223; 28 R. C. L. 833; 6 R. C. L. Supp. 1767.

Opinion filed March 31, 1928.

Workmen's Compensation Acts, — C. J. § 103 p. 106 n. 43; § 155 p. 135 n. 42.

Certified question from District Court, Grand Forks County, *Cole,* J.

*Lemke & Weaver,* for plaintiff.

*H. A. Bronson,* for defendant.

BURKE, J.  Certified question of law from the district court of Grand Forks county.  The facts are stipulated in substance as follows:  This action was commenced September 2, 1926.  The plaintiff working in the course of his employment in defendant's packing plant was injured November 11, 1924.  Plaintiff was taken to the hospital and received medical treatment from the 11th day of November until December 25, 1924.  He returned to his work at the packing plant on February 11, 1925, and for seventeen weeks after his return he was not engaged in his regular labor duties at the plant, but on June 11, 1925, he again assumed his regular duties and has been continuously in the employment of the defendant, receiving from the defendant his regular weekly wage of $24 per week including the time he was disabled and up to the present time.  The defendant paid the hospital and doctor bill, amounting to $274.40.  At the time of the injury the defendant was not within the provisions of the compensation act, not having paid the required premiums during the years 1920 to 1926 inclusive and which premiums are now in litigation, in an action by the compensation bureau against the defendant.  Defendant is within the provision of the compensation act for the year 1927, and it is agreed that exhibit "A" is a history of claims filed by the plaintiff against the Northern Packing Company with the compensation bureau.

Exhibit "A" shows that on August 31, 1925, the plaintiff filed a claim with the compensation bureau for injuries received while in the employment of the Northern Packing Company.  This claim was dismissed on January 13, 1926, for the reason, that the defendant had not contributed to the compensation fund.  On February 13, 1926, the plaintiff again filed his claim with the bureau where it is being considered by the bureau under section 11 of the compensation act, and is still pending.  Thereafter, and on the 20th day of December, 1926,

and while said claim for damages was pending before the compensation bureau, the plaintiff brought this action in the district court of Grand Forks county, and the question of law certified to this court is as follows: Did the filing of plaintiff's claim, and action had thereupon before the bureau, constitute an election by plaintiff and operate as a bar to the prosecution of this action, prior to, and until action upon and liquidation of such claim by the bureau? It is the contention of the plaintiff, that the filing of the claim with the compensation bureau was a mere nullity, for the reason, that the claim was filed later than one year after the injury happened.

We are of the opinion that there is no merit in this contention. The plaintiff's claim before the bureau is not a claim against the compensation fund, but a claim against the employer. If allowed it will not be paid out of the compensation fund, but must be paid by the employer within thirty days after receiving notice of the amount as fixed and determined by the bureau. The time for filing claims for compensation as provided in section 15 of the act relates to claims against the compensation fund, only, and not to an award against the employer who has not complied with the law. This brings us to the certified question of law, viz., can the plaintiff maintain this action after having elected to proceed under the Workmen's Compensation Act?

In the recent case of Tandsetter v. Oscarson, ante, 392, 217 N. W. 661, we held, that the remedy before the bureau of compensation was exclusive. In that case the question was whether the plaintiff could maintain an action against a third party who could not be brought under the compensation act after the plaintiff had received an award from the compensation bureau and we held that he could not, for the reason, that the remedy under the statute is exclusive, and all other actions are abolished. Under section 11 employers who fail to pay the premiums required are not entitled to the benefits of the act, and are liable to employees for damages by reason of injuries sustained in the course of employment, and in an action therefor the employer cannot avail himself or itself of the common law defenses. This is one remedy available to the employee, or under the same section in lieu of proceeding against his employer by civil action in court, he may file his application with the Workmen's Compensation Bureau for an award of compensation in accordance with the terms of the act, and the bureau

shall hear and determine such application for compensation in like manner as in other claims before the bureau; but the amount of compensation determined . . . and allowed by the bureau shall be paid by such employer to the person entitled thereto within thirty days after receiving notice of the amount thereof as fixed and determined by the bureau. If the employer fails to pay within thirty days the award shall constitute a liquidated claim for damages against such employer in the amount so ascertained and fixed which together with further costs and attorneys' fees may be allowed and recovered in an action in the name of the state for the benefit of the person or persons entitled thereto.

This court had occasion to construe § 11 of the compensation act in the case of State ex rel. Dushek v. Watland, 51 N. D. 710, 39 A.L.R. 1169, 201 N. W. 680, and therein held, that "an employee injured in the course of his employment whose employer has failed to comply therewith, is afforded one of two remedies (1) he may maintain a civil action against his employer for the damages suffered, or (2) he may in lieu of such action apply to the Workmen's Compensation Bureau for compensation under the act. In case the latter remedy is pursued the Workmen's Compensation Bureau is required to proceed in like manner as in other claims before the bureau. In other words, the bureau proceeds to determine the question of liability in precisely the same manner as though the employer had complied with the act, and the claim of the injured employee was made against the Workmen's Compensation Fund."

The court quotes from the case of Fassig v. State, 95 Ohio St. 232, 116 N. E. 104, 13 N. C. C. A. 845, as follows:

"The suit for the liquidated or stipulated amount is not a suit at common law by the employee for damages sustained. The employee has waived the right to bring such a suit by claiming compensation. A suit for damages is one for the recovery of an unliquidated sum in an action at law. The suit by the state for the amount of compensation under § 27 (which is identical with § 11 of the N. D. Compensation Act) is not one for negligence of any kind . . . it is simply based on the fact of injury in the course of employment. The recovery in the damage suit is presumed to wholly compensate the injured person, but when he elects to accept compensation which is fixed in accordance

with schedule the statute properly fixes the measure of recovery." It is clear from this decision that the remedies are inconsistent with each other, one being an application to the bureau for liquidated damages for an injury in the course of employment, the other remedy being an action in court for unliquidated damages. But aside from the question of inconsistent remedies we are of the opinion that when a workman pursues his remedy under the Workmen's Compensation Law of this state, that such remedy is exclusive of all others, and all other rights of action are abolished.

Section 1 of the Workmen's Compensation Act construed by this court in the case of Tandsetter v. Oscarson, supra, is substantially the same as section one of the Workmen's Compensation Act of the State of Washington. In the case of Peet v. Mills, 76 Wash. 437, L.R.A. 1916A, 358, 136 Pac. 685, Ann. Cas. 1915D, 154, 4 N. C. C. A. 786, the Supreme Court of Washington said:

"Referring again to section 1 of the act and the declaration of its exercise of police power by the state, to the end that it may advance the welfare of its citizens injured in any hazardous undertaking, we find this expression of intention:

'All phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end al civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished.' "

"The conclusion is evident that, in the enactment of this new law, the Legislature declared it to be the policy of this state that every hazardous industry within the purview of the act should bear the burden arising out of injuries to its employees; and that it was the further policy of the state to do away with the recognized evils attaching to the remedies under existing forms of law and to substitute a new remedy that should be ample, full, complete, reaching every injury sustained by any workman while employed in any such industry, regardless of the cause of the injury or the negligence to which it might be attributed. We can conceive of no language the legislature might have employed

that would make its purpose and intent more ascertainable than that made use of in the first section of the act. To say with appellant that the intent of the act is limited to the abolishment of negligence as a ground of action against an employer only is to overlook and read out of the act and its declaration of principles the economic thought sought to be crystallized into law, that the industry itself was the primal cause of the injury and, as such, should be made to bear its burdens. . . . That in so doing the legislative mind was intent upon the abolishment of all causes of action that may have theretofore existed, irrespective of the persons in favor of whom or against whom such right might have existed, is equally clear from the language of § 5 of the act, containing a schedule of awards, and providing that each workman injured in the course of his employment should receive certain compensation, and 'such payment shall be in lieu of any and all right of action whatsoever against any person whomsoever.' "

"Where the right to an award of compensation for injury or death exists by virtue of the provisions of the Workmen's Compensation Act, the remedy for its enforcement is by many of the statutes made exclusive, and no action at law may be instituted against the employer." 28 R. C. L. 831, § 117; Northern P. R. Co. v. Meese, 239 U. S. 614, 60 L. ed. 467, 36 Sup. Ct. Rep. 223, 10 N. C. C. A. 939; Raymond v. Chicago, M. & St. P. R. Co. 243 U. S. 43, 61 L. ed. 583, 37 Sup. Ct. Rep. 268; Vennen v. New Dells Lumber Co. 161 Wis. 370, L.R.A. 1916A, 273, 154 N. W. 640, Ann. Cas. 1918B, 293, 10 N. C. C. A. 729.

Other authorities to the same effect are found in the annotations in 36 A.L.R. 1293 and 50 A.L.R. 223.

In the case at bar it is admitted, that the plaintiff was injured in the course of his employment, and the questions of the extent of his injury and the amount of compensation he should receive as liquidated damages are before the compensation bureau, and the law provides that the "bureau shall hear and determine such application for compensation in like manner as in other claims before the bureau; but the amount of compensation which said bureau may ascertain and determine to be due to such injured employee . . . together with reasonable costs and attorney fees allowed by the bureau shall be paid by such employer . . . within thirty days after receiving notice of

the amount thereof as fixed and determined by the bureau . . . and upon failure or refusal of the employee to pay such award within thirty days the same shall constitute a liquidated claim for damages in the amount so ascertained and fixed . . . and may be recovered in an action by the state for the benefit of the person entitled to it."

As stated in the case of State ex rel. Dushek v. Watland, 51 N. D. 710, 39 A.L.R. 1169, 201 N. W. 680, supra, the plaintiff had one of two remedies under § 11 of the compensation act. He could sue the defendant in the courts or he could apply to the compensation bureau, but he could not do both. His proceeding under the compensation act is exclusive, and the other remedy is then expressly abolished by statute. It follows that by electing to proceed under the compensation act the plaintiff cannot maintain his action for damages in the district court and the motion to dismiss should be granted. It is so ordered.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.