IDA MOEN, Respondent, v. IDA MELIN, Appellant.

(231 N. W. 283.)

Opinion filed March 17, 1930.   Rehearing denied June 30, 1930.

*J. E. Hendrickson* and *Theo. Kaldor,* for appellant.

*I. A. Acker,* for respondent.

NUESSLE, J.   The plaintiff brought this action to recover on account of injuries received by her while in the employ of the defendant.   In her complaint she alleged the fact of her employment by the defendant; that she was injured in the course of such employment; that such injuries were due to the negligence of the defendant; that the defendant had not complied with the provisions of the Workmen's Compensation Act, chapter 162, Session Laws 1919, as amended (§§ 396a1–396a33, inclusive, 1925 Supplement).   The defendant, answering, denied that she had employed the plaintiff and that the plaintiff was injured in the course of such employment; denied any negligence on her part; alleged that if any injuries were received by the plaintiff they were received through and on account of plaintiff's own negligence; and admitted that she had not complied with the provisions of the Workmen's Compensation Act.   The case came to trial.   At the close of the plaintiff's case and again at the close of the whole case, defendant moved for a directed verdict.   The motion was resisted by the plaintiff and was denied as a matter of course.   See chapter 133, Session Laws 1921, as amended (Supp. § 7643).   The plaintiff had a verdict.   Judgment was entered thereon.   Thereafter the defendant moved for a new trial or for judgment non obstante.   The motion was denied.   Thereupon the defendant perfected this appeal.

Accepting the plaintiff's version of the facts as disclosed by the record, as we must on this appeal, they are briefly as follows:   The defendant was a beauty doctor and chiropodist.   She maintained an office in Fargo.   She employed the plaintiff as a helper and office assistant.   While plaintiff was thus employed and as a part of the routine of her work, she frequently prepared lunch in the office for the defendant and herself and for such patients or visitors as might be invited

to participate. On the evening of September 3, 1927, which was Saturday, the plaintiff left Fargo to go to her home over Sunday. Monday, the 5th, was Labor Day. Plaintiff returned on the 6th. On the morning of September 7 she went to the defendant's office, put on the uniform which the defendant provided, and assumed her usual duties. Certain patients of the defendant came to the office and were being treated. As noon approached the plaintiff started to prepare lunch. She had brought some chicken with her from home and was preparing this and some other food which was kept in the office. In doing this she used some sort of a contrivance intended to employ "canned heat." Instead of canned heat, however, wood alcohol was used. as a fuel. In some way this contrivance was tipped over and the burning alcohol was spilled on the plaintiff. She was fearfully burned. The defendant had not complied with the provisions of the Workmen's Compensation Act and so she was not protected under it.

The defendant on this appeal specifies numerous errors on which she relies for a reversal. She challenges the sufficiency of the evidence to sustain the verdict and contends that the court erred in denying the defendant's motion for judgment notwithstanding the verdict or for a new trial; in the giving of certain instructions to the jury; and in ordering judgment in plaintiff's favor.

The first question to be considered is that of the sufficiency of the evidence to sustain the verdict as returned by the jury. In this connection, and apparently as the basis for her contention that the evidence is insufficient to sustain the verdict, the defendant insists that the action is a common law action for damages for negligence and that no negligence has been established. An examination of the pleadings discloses that the plaintiff alleges her employment by the defendant and that plaintiff was injured in the course of such employment, and further alleges with some particularity that such injuries were received through and on account of the defendant's negligence. However, the complaint also alleges that the defendant had failed to comply with the provisions of the Workmen's Compensation Act and pay the premiums required to be paid by her as an employer under it. Though the defendant in her answer denied any negligence on her part and pleaded negligence on the part of the plaintiff as the cause of the accident, she at no time attempted to define the issues and confine the plaintiff in her proofs to the

common law cause of action. It is true that at the close of the plaintiff's case and again at the close of the whole case the defendant moved for a directed verdict "on the ground and for the reason that the plaintiff has failed to establish any cause of action against the defendant, or to establish that the injury complained of was caused by any negligence or carelessness on the part of the defendant." So far as the record indicates nothing further was said or done at any time to apprise the plaintiff or the court that the defendant intended to rely on the proposition that the action was a common law action for negligence rather than an action under the Workmen's Compensation Act. The trial court at all times considered the action as one to recover under the Compensation Act and in his charge to the jury instructed on that theory. The pleadings and proofs justify that theory. The fact that the complaint also alleges negligence on the part of the defendant will not alone warrant a holding to the contrary. We must consider the case then as one brought by an employee to recover against her uninsured employer pursuant to the provisions of § 11 of the act (Supp. § 396a11). This section declares that uninsured employers shall be "liable to their employees for damages suffered by reason of injuries sustained in the course of employment." Viewed in this way the plaintiff made her case when she established by her evidence that she was employed by the defendant in a hazardous employment; that she was injured in the course of such employment; that the defendant had failed to comply with the provisions of the act in the way of paying the premiums by it required; and the amount and extent of the damages she suffered on account of her injuries. Though, as the defendant contends, there is no proof of negligence on the part of the defendant, nevertheless the failure of proof in that respect does not defeat the plaintiff's cause of action. She is liable regardless of fault. See Fahler v. Minot, 49 N. D. 960, 194 N. W. 695; Lilly v. Haynes Co-op. Coal Min. Co. 50 N. D. 465, 196 N. W. 556; State ex rel. Dushek v. Watland, 51 N. D. 710, 39 A.L.R. 1169, 201 N. W. 680. There is much conflict in the testimony. There can be no question but that the record would have amply justified the jury in returning a verdict in favor of the defendant had they seen fit to accept her version of the facts. But they did not, and the evidence in the plaintiff's behalf, accepting it at its face value as we must under the circumstances, is likewise sufficient to

sustain the verdict returned by them. We have heretofore stated the facts as they appear from the record, viewing the same in the light most favorable to the plaintiff. We think that further comment is unnecessary.

The defendant specifies error on account of instructions given to the jury by the trial court. Certain of these specifications are predicated upon the proposition that the action was one for damages on the common law theory of negligence. As we have indicated above the case was not so considered by the trial court but was properly treated as an action to recover under the Compensation Act, and accordingly it follows that there was no error in failing to instruct on the common law theory.

The defendant also complains because the court instructed with respect to the Workmen's Compensation Act and read certain portions thereof to the jury. Without stating specifically the portions of the instructions thus excepted to, we think it is sufficient to say that there was no error in this respect. The action was brought under the Compensation Act. It was proper for the court to instruct the jury as he did that this was the case and in doing so to read pertinent portions of the act. The plaintiff as a part of her case was required to establish that the defendant had not complied with the terms of the act which required the payment of premiums by her if she were an employer. It is true that the defendant admitted she had not paid any premiums or endeavored to comply with the requirements of the act in that respect, but nevertheless there was no error on the part of the court in stating this fact to the jury.

The defendant further complains that the court instructed that the defendant was liable to the plaintiff for damages regardless of fault or negligence on defendant's part. It is true that such an instruction was given, but when given it was always coupled with the proviso that there was no liability on the part of the defendant unless the jury should first find that the plaintiff was employed by the defendant at the time of the injury, and that her injuries were incurred in the course of such employment. The instructions complained of, standing alone, would doubtless be subject to challenge, but they must be considered in the light of other portions of the charge, and, when so considered they clearly were not erroneous. The defendant, for instance, complains

that the court instructed as follows: "Now I am going to pass to the next question in issue. I think I told you that you must find from the evidence in this case that the relation of employer and employee existed on the day of the accident." She contends that this instruction led the jury to believe that plaintiff was entitled to recover regardless of what the facts were. A consideration of the charge, however, discloses that just prior to the giving of this portion of the instruction the court had charged that the burden of showing that the relation of employer and employee existed at the time and place of the accident rested upon the plaintiff, and, in the same paragraph of the charge in the sentence immediately following the excerpt therefrom quoted above, the court further said: "Of course now if there was a break prior thereto— suppose that she had been employed sometime prior to the accident and the relation of employer and employee existed sometime before the accident but that was terminated and no relation of employer and employee existed on the day of the accident, then of course there would be no employment within the rule and consequently the plaintiff would not then have made out her case." So reading the whole charge it at once becomes apparent that there is no basis for the defendant's specification respecting this portion thereof.

The court instructed with respect to the question of damages that if the jury should find the plaintiff was entitled to recover, in determining the amount of that recovery they should take into consideration the various elements (enumerating them) which might be considered in returning a verdict for damages in a common law action for negligence. The defendant complains of this instruction. This complaint is predicated on the defendant's contention that under the Compensation Act the amount of damages in such an action as this must be determined according to the schedules of the Compensation Bureau. This question, however, has been settled definitely contrary to the defendant's contention by prior decisions of this court. See Fahler v. Minot, 49 N. D. 960, 194 N. W. 695; State ex rel. Dushek v. Watland, 51 N. D. 710, 39 A.L.R. 1169, 201 N. W. 680; Nyland v. Northern Packing Co. 56 N. D. 624, 218 N. W. 869. In the Fahler case we said: "Since § 11 makes the sole criterion of the liability of a noncomplying employer the occurrence of injury in the course of employment, we think the act must be construed as placing the employee

of such an employer in the same position he would have occupied had his employer complied with the act, except that such employee's claim is necessarily subject to the hazard of financial responsibility. Also, his damages may be adjusted by the legal machinery for arriving at compensation instead of by the workmen's compensation bureau."

The defendant also complains because the trial court did not instruct the jury that the plaintiff could not recover if the injury were self-inflicted. There was no error in this respect. The act, § 2, (§ 396a2, Supplement) reads:

". . . 'Injury' means only an injury arising in the course of employment, including an injury caused by the wilful act of a third person directed against an employee because of his employment, but shall not include injuries caused by the employee's wilful intention to injure himself or to injure another. The term 'injury' includes in addition to an injury by accident, any disease proximately caused by the employment. If the employer claims an exemption or forfeiture under this section, the burden of proof shall be upon him. . . ."

There is nothing in the record to indicate that there was any contention made by the defendant that the injuries suffered by the plaintiff were self-inflicted. Nor is there any evidence to indicate that they were in fact self-inflicted. An injury is not self-inflicted merely because it results from an accidental happening arising from the negligence of the injured party. In any event, under the terms of the statute, a claim of exemption on account of the wilful character of the injury must be made by the employer and the burden is upon him to establish its wilful character. There was neither pleading nor proof in this case that the injury was self-inflicted. So the fact that the court did not instruct with reference to this particular matter did not constitute error.

Finally, the defendant complains that she was prejudiced by the repeated reference in the instructions to the fact that the defendant had not complied with the provisions of the act and paid the premiums required thereby in case she were an employer subject to these provisions. The charge was an oral charge. Like most oral charges it was unduly long and subject to the criticism that it contained inaccuracies and repetitions. Reading it as a whole, however, we do not think that it was prejudicial to the rights of the defendant. In effect the court charged that in order to make a case the plaintiff must establish that she

was employed by the defendant in a hazardous employment within the contemplation of the act; that she was injured in the course of that employment; and that if these matters were established by the plaintiff, then, since the defendant had not complied with the terms of the act and paid the premiums required, the plaintiff was entitled to recover such damages as she might establish she had suffered by reason of the injury occurred. The verdict was for $14,700. The defendant argues that the amount of this verdict is so great as to clearly indicate that the jury was prejudiced by the court's instruction. We do not think that this is the case. The plaintiff was fearfully burned. Her life was despaired of. She was in the hospital from September 7 until the 9th of February following. She suffered many third degree burns, that is, burns where her flesh was actually burned off. Her face, her chin, her neck, her shoulders, her sides, her chest, her abdomen, were thus burned. She suffered severe and long continued pain. She had to submit to five distinct skin graftings. The burns resulted in scars. They were so large that the scar tissue interferes with the action of the muscles and with the nerves. The injuries were permanent. The charge for medical services was $1,000. The hospital bill was $1,646. Plaintiff was required to pay $115 for skin grafting. The evidence is undisputed as to these matters of fact. We do not think that the verdict is so large as to indicate prejudice.

The defendant in her briefs and on argument also urges error on the part of the trial court in denying her application for change of venue. Waiving the question of the defendant's right to raise the point at this time, we think it is clear that there was no abuse of discretion in the court's ruling in this regard. The application for the change of venue was based on the ground that the convenience of witnesses and the ends of justice would be promoted by the change. Comp. Laws 1913, § 7418, subd. 3. The plaintiff resided in Traill county where the action was brought. The defendant resided in Minnesota. The defendant had her place of business in Cass county and there the accident occurred. The defendant's witnesses were residents of Cass county. It appears from the showing that Hillsboro, the county seat of Traill county where the trial was had, was some forty miles from Cass county. But it also appears that the means of communication were ample and that it was possible for witnesses to go back and forth from Fargo to Hillsboro

cheaply and conveniently as required. The answer was served in April, 1928. The application for change of venue was made on November 15, 1928, just prior to the trial of the case which was tried beginning November 26, 1928. The trial court held that under the circumstances as disclosed by the showing a change of venue should be denied. This was a matter within his sound discretion. We think there was no abuse of discretion in denying the application. See Curren v. Story, 41 N. D. 361, 170 N. W. 875; McConnon & Co. v. Sletten, 55 N. D. 388, 213 N. W. 483; Kiley v. Meckler, 57 N. D. 217, 220 N. W. 926.

The judgment from which the appeal was taken must therefore be affirmed.

BURKE, Ch. J., and BURR, BIRDZELL and CHRISTIANSON, JJ., concur.