Daniel KEMPEL, Plaintiff and Respondent,

v.

Orrin R. STREICH, Defendant
and Appellant.

Lester SCHWAB, Plaintiff and Respondent,

v.

Orrin R. STREICH, Defendant
and Appellant.

Civ. Nos. 8743, 8744.

Supreme Court of North Dakota.

March 29, 1972.

Rehearings Denied May 3, 1972.

Nilles, Hansen, Selbo, Magill & Davies,
Fargo, for plaintiffs and respondents.

Wattam, Vogel, Vogel & Peterson, Fargo, and Kenneth L. Ulland, Lisbon, for defendant and appellant.

HAMILTON E. ENGLERT, District Judge.

These appeals are from the district court orders dated February 26, 1971, granting each plaintiff's motion to strike from the defendant's answer to the amended complaint in each case the defenses of (1) contributory negligence, (2) assumption of risk, and (3) election of remedies.

The pleadings in each action indicate that the plaintiffs, Mr. Kempel and Mr. Schwab, were temporarily employed by the defendant during the process of construction of his potato warehouse located at Englevale, North Dakota. On October 18, 1967, during the course of their employment, they were working on an elevated scaffold approximately seventeen feet above the ground when it suddenly collapsed, and the plaintiffs fell to the ground and were injured.

The original complaint alleged that (1) the defendant was a noncomplying employer under Chapter 65–09 of the Workmen's Compensation Law, and (2) the defendant's negligence was the proximate cause of the plaintiffs' injuries.

Following negotiations between the attorneys of defendant's insurance carrier and the attorneys for plaintiffs in each case, settlement was made with respect to the negligence cause of action. Upon payment of $12,500 to each plaintiff, written releases and final voluntary compromise settlements were agreed to and signed by each plaintiff and his wife and the attorneys of the parties, setting forth termination of the negligence causes of action against the defendant employer.

On December 3, 1970, at a hearing in district court, it was stipulated and agreed that the negligence actions against the defendant would be dismissed with prejudice. The district court entered orders dismissing the causes of action against the defendant with reference to negligence. The plaintiffs were allowed to serve and file amended complaints whereby only absolute liability under Chapter 65–09, N.D. C.C., would be pleaded.

A change of attorneys for the defendant was approved by the court, and the answers to the amended complaints then raised the defenses of contributory negligence, assumption of risk, and election of remedies. The election-of-remedies defense was based upon the theory that, since the plaintiffs received $12,500 each and the negligence actions were dismissed with prejudice, the plaintiffs were precluded from maintaining actions based upon Chapter 65–09, N.D.C.C.

The defendant appeals from the order of the trial court in each case striking the above-referred-to defenses.

In the case of La Duke v. E. W. Wylie Co., 77 N.D. 592, 44 N.W.2d 204 (1950), we held:

"An order which strikes from an answer an affirmative defense not provable under the remaining allegations of the answer, is an appealable order." Syllabus, par. 1.

We find from the facts in this case that the orders issued by the trial court striking from the answers the defense of election of remedies are appealable orders. The orders strike an affirmative defense not provable under the remaining allegations of the answer in each case.

The undisputed facts show that these cases were settled by agreement of the parties as to the second causes of action in the original complaints with respect to liability of the defendant arising from negligence. Under the first causes of action in the original complaints and the actions as set forth in the amended complaints, each desires to proceed against the defendant as an uninsured employer pursuant to Chapter 65–09 of the North Dakota Century Code. They alleged serious and

permanent injuries to the body and each seeks damages in the amount of $125,000.

The first question presented is whether the trial court was in error in striking the defense of election of remedies from the answers of the defendants before trial was commenced.

■ The answers of the defendant contend that the plaintiffs, by settling their causes of action with the defendant's insurance company, have elected their remedy and are now precluded from pursuing the additional remedy under Chapter 65–09, as set forth in the amended complaints.

"An election of remedies being an affirmative defense, it must be pleaded in order to be available." 28 C.J.S. Election of Remedies § 28, p. 1100.

The plaintiffs contend that there has been no election of remedies, and that they are entitled to pursue the statutory provision of Section 65–09–01, N.D.C.C., for recovery of additional damages from the uninsured employer.

Defendant contends that the settlement of the negligence causes of action are a bar to plaintiff-employees' proceeding within the Workmen's Compensation Act for further damages in a second cause of action against the defendant-employer based upon the same accident. Defendant maintains that the plaintiffs have had their day in court.

With respect to an employee's right of recovery against an uninsured employer, in the case of State ex rel. Dushek v. Watland, 51 N.D. 710, 201 N.W. 680 (1924), we said:

"Under section 11 of the Workmen's Compensation Act, an employee who sustains injuries compensable under such act, and whose employer has failed to comply therewith, is afforded one of two remedies: (1) He may maintain a civil action against his employer for the damages suffered; or (2) he may in lieu of such action apply to the Workmen's Compensation Bureau for compensation under the act."

Failing to pursue the remedy of applying to the Workmen's Compensation Bureau for compensation under the Act, the plaintiffs have maintained a civil action against the employer.

As set forth in plaintiffs' brief, the actions were initially started on the basis of two theories of recovery—negligence and the failure of the employer to comply with the Workmen's Compensation Act. And now that the negligence causes of action alleged in their complaints have been settled and dismissed with prejudice, they assert a right to proceed on the theory of absolute liability of the uninsured employer, regardless of fault.

Section 65–09–01, N.D.C.C., provides:

"Any employer subject to the provisions of this title who fails to comply with the provisions of chapter 65–04, shall not be entitled to the benefits of this title during the period of such noncompliance, but shall be liable to his employees for damages suffered by reason of injuries sustained in the course of employment, and also shall be liable to the personal representatives of such employees where death results from such injuries. The employer shall not avail himself in such action of the following common-law defenses:

"1. The defense of the fellow-servant rule;

"2. The defense of the assumption of risk; or

"3. The defense of contributory negligence."

.    .    .    .    .    .

■ An employer failing to comply with the Workmen's Compensation Act is liable to an injured employee without regard to fault. As this court held in State ex rel. Dushek v. Watland, *supra,*

" . . . the Workmen's Compensation Act . . . substitutes the principle of compensation for that of liability for fault, and that an injured employee, who sustains injuries in the course of an employment covered by the act, is in all cases entitled to compensation for the damages suffered. In case the employer has complied with the Workmen's Compensation Act, and paid the required premiums, the employer is relieved of liability, and the employee is entitled to be compensated out of the Workmen's Compensation Fund; but, in case the employer has failed to comply with the Workmen's Compensation Act, he is liable to such injured employee for the damages so sustained, without regard to fault." Syllabus, par. 1.

Section 65–09–02, N.D.C.C., states, in part:

"Any employee whose employer has failed to comply with the provisions of chapter 65–04, who has been injured in the course of his employment, . . . in lieu of proceedings against his employer by civil action in court, may file his application with the bureau for an award of compensation in accordance with the terms of this title."

Had the employees herein chosen to apply to the Workmen's Compensation Bureau for an award, the Bureau would have had the duty to hear and determine the application for compensation in the same manner as it considers other claims under the Act. Any award would be subject to payment by the employer in accordance with Section 65–09–03, N.D.C.C. Had plaintiffs so proceeded within Section 65–09–02, they would have had no right of civil action in court against the employer. The case of Nyland v. Northern Packing Co., 56 N.D. 624, 218 N.W. 869 (1928), holds:

"Where a workman, injured in the course of his employment, elects to proceed under the Workmen's Compensation Act for compensation, he is thereby precluded from maintaining an action at law against his employer."

The question for decision is: Did the plaintiffs, by compromise settlement of their negligence actions against the defendant-employer, exercise their right of "civil action in court" which precluded further action for damages within Section 65–09–01, N.D.C.C., for recovery against the employer regardless of fault?

Two North Dakota cases refer to actions for damages by employees against their employers wherein both negligence and right to recover within Section 65–09–01 are set forth in the pleadings.

In the case of Moen v. Melin, 59 N.D. 582, 231 N.W. 283, 285 (1930), as to necessary elements of proof for recovery, we said:

"Viewed in this way, the plaintiff made her case when she established by her evidence that she was employed by the defendant in a hazardous employment; that she was injured in the course of such employment; that the defendant had failed to comply with the provisions of the act in the way of paying the premiums by it required; and the amount and extent of the damages she suffered on account of her injuries. Though, as the defendant contends, there is no proof of negligence on the part of the defendant, nevertheless the failure of proof in that respect does not defeat the plaintiff's cause of action. She [the defendant] is liable regardless of fault."

Further, on page 285 of 231 N.W. in Moen v. Melin, we said:

"The trial court at all times considered the action as one to recover under the Compensation Act and in his charge to the jury instructed on that theory. The pleadings and proofs justify that theory. The fact that the complaint also alleges negligence on the part of the defendant will not alone warrant a holding to the contrary."

The later case of Kipp v. Jalbert, 110 N.W.2d 825 (N.D.1961), involved a suit by a carpenter against a farmer to recover damages for accidental injuries, with the plaintiff alleging negligence and also statutory liability as an uninsured employer under the Workmen's Compensation Act. In that case, we followed our holding in Moen v. Melin that an employee of an uninsured employer has two theories of recovery: (1) negligence and (2) liability regardless of fault within Section 65–09–01 of the Workmen's Compensation Act.

In Kipp v. Jalbert, at 829, we held:

"The plaintiff is not entitled to recover damages in this action. He has failed to sustain the burden of proof of negligence and the evidence establishes that he is not entitled to recover damages under Section 65–09–01, NDCC, providing for statutory liability of uninsured employers for injury to their employees."

Whether considered as inconsistent remedies—one a common-law negligence action and the other based upon the Workmen's Compensation Act—or as two theories of recovery in one lawsuit, the employee would be entitled to only one recovery for his injuries on his right to a civil action in court against the employer.

As is stated in 25 Am.Jur.2d Election of Remedies, Section 1, page 646:

"An election of remedies has been defined as the act of choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts. . . .

"The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, but to prevent double redress for a single wrong."

A compromise settlement entered into between a plaintiff and a defendant with respect to either cause of action in this type of case, upon approval by the trial court and dismissal with prejudice, would be an election of a remedy in pursuit of a right to recover damages through civil suit.

We find that the plaintiffs, through settlement of their common-law negligence actions, have made recovery in court for the injuries suffered as a result of the accident; and that they are not entitled to proceed with a further cause of action against the defendant employer for additional damages within Chapter 65–09 of the North Dakota Century Code.

The cases are therefore remanded with instructions to the trial court to dismiss the amended complaints, which assert claims under Chapter 65–09, N.D.C.C.

STRUTZ, C. J., and ERICKSTAD, TEIGEN, and KNUDSON, JJ., concur.

The Honorable WM. L. PAULSON deeming himself disqualified did not participate; the Honorable HAMILTON E. ENGLERT, District Judge of the First Judicial District, sitting in his stead.