STATE OF NORTH DAKOTA v. MARIE HARRIS.

Opinion filed October 26, 1905.

**Contempt Proceedings — Unless Prompt Objection Is Made to an Unauthorized Appearance of an Attorney It Is Waived.**

1. Unless an objection is promptly made to the appearance of an attorney without authority, in contempt proceedings growing out of a violation of an injunctional order, the defendant waives the right to make an objection to such appearance thereafter.

**Same — Proceedings to Punish — Affidavits Upon Information and Belief Sufficient, if Facts Warranting Same Be Given.**

2. The fact that the affidavits on which a warrant is issued in contempt proceedings state some conclusions upon information and belief will not warrant the setting aside of the warrant, when the affidavits state positively the facts from which the conclusions are drawn.

**Same — Interrogatories.**

3. The interrogatories to be filed under section 5942, Rev. Codes 1899, in contempt proceedings must relate to, and are intended to elicit, facts in respect to the contempt charged and to no other offense.

**Same — Affidavits Upon Proceeding to Punish.**

4. The affidavits on which a warrant is issued in contempt proceedings are admissible in evidence on the hearing.

**Appeal — Incompetent Evidence — Error Without Prejudice.**

> 5. The admission of immaterial and incompetent evidence is error without prejudice in trials to the court, where the evidence sustains the judgment without consideration of the incompetent evidence. In such cases the trial court will be presumed to have disregarded the inadmissible evidence.

**Same.**

> 6. Evidence considered, and *held* to sustain a conviction for contempt for a violation of an injunctional order.

Appeal from District Court, Cass county; *Pollock,* J.

Marie Harris was adjudged guilty of contempt, and appeals.

Affirmed.

*M. A. Hildreth,* for appellant.

Affidavits upon information and belief without personal knowledge are usually condemned. State v. McGahey et al., 12 N. D. 547, 97 N. W. 865; Swart v. Kimball, 43 Mich. 451; Kaeppler v. Red River Valley Nat. Bank, 8 N. D. 411, 79 N. W. 869; Thomas v. People of the State of Col., 9 L. R. A. 569.

Objections to the interrogatories should have been sustained. Section 5942 contains provisions that are mandatory. Noble Tp. v. Aasen, 10 N. D. 265, 86 N. W. 742, 57 Am. St. Rep. 568; State v. Root, 5 N. D. 487, 67 N. W. 590.

In contempt proceedings the acts of the asserted contempt must be stated with the certainty required in the statement of an offense in a criminal action, and upon the personal knowledge of the affiant. Herdman v. State, 74 N. W. 1097; State v. Sweetland, 54 N. W. 415; Bloom v. People, 48 Pac. 519; Freeman v. City of Huron et al., 66 N. W. 928; O'Chandler v. State, 64 N. W. 373; Zimmerman v. State, 64 N. W. 375; State v. Galup, 42 Pac. 406; State ex rel. Olson et al., v. Allen et al., 45 Pac. 644; Cooper v. People of Col., 6 L. R. A. 430; Batchelder v. Moore, 42 Cal 415.

Contempt proceedings are quasi criminal, and guilt must be established with the sufficiency of proof required in criminal cases, evidence clear and satisfactory; a mere preponderance is insufficient. In re Buckley, 10 Pac. 69; Prehohl et al. v. O'Sullivan, 80 N. W. 903; Haight v. Lucia et al., 36 Wis. 355; 5 Crim. Law Mag. and Rep. 508-509.

No presumptions or intendments are indulged. Burdick v. Marshall, 8 S. D. 308, 66 N. W. 462; Ex parte Hollis, 59 Cal. 405;

Ex parte Gould, 21 L. R. A. 751; State v. Sweatland, 54 N. W. 415; Howes v. State, 64 N. W. 699.

Offense is not established beyond a reasonable doubt. Hydock et al. v. State, 80 N. W. 902; Haight v. Lucia et al., supra; Boyd et al. v. U. S., 116 U. S. 616, 29 L. Ed. 746; Ex parte Gould, supra; Ex parte Hollis, supra.

*B. D. Townsend,* for respondent.

Statements upon information and belief may be disregarded and affidavits are sufficient without them. State v. Root, supra; Noble Tp. v. Aasen, supra.

Evidence of the general character of a house is competent to prove it a bawdy house. Hanson v. State, 5 Cr. Law Mag. & Rep. 693; Territory v. Stone, 2 Dak. 155, 4 N. W. 697; Territory v. Chartland, 1 Dak. 379, 46 N. W. 583.

MORGAN, C. J. This is an appeal from an order of the district court of Cass county, finding the defendant guilty of a violation of an injunctional order issued by said court on June 3, 1904. The injunctional order was issued in an action between Andrew Johnson and other as plaintiffs and Marie Harris and others as defendants. The order which it is claimed that the defendant has violated is as follows, so far as material, to wit: "It is ordered that the defendant * * * be * * * hereby enjoined, restrained and forbidden from in any manner using or occupying or permitting to be used or occupied any part of the premises described in the complaint for or as a house of prostitution or place of resort for prostitution until the further order of this court." The regularity of the proceedings in the action in which the injunctional order was issued is not questioned, nor is any question raised as to the service upon defendant of said injunctional order. In December, 1904, contempt proceedings were instituted in the district court pursuant to sections 5936 and 5937, Rev. Codes 1899, based upon affidavits charging that the defendant had violated said injunctional order. The district court thereupon issued a warrant of attachment for the defendant, and she was brought into court and pleaded that she was not guilty of a violation of the commands of the injunctional order. Thereupon written interrogatories were submitted to the defendant for written answers. Upon filing such answer and after hearing other evidence submitted by witnesses sworn in court, and upon the original affidavits, the court found the defendant

guilty of willfully violating the injunctional order, and ordered that she be punished by being imprisoned in the county jail for thirty days and by paying a fine in the sum of $250. There are numerous specifications of error, but they can be disposed of under the following general assignments: (1) That the contempt proceedings were not conducted by the state's attorney of Cass county, nor by the attorney general of the state, as provided by the provisions of section 9, c. 178, p. 235, Laws 1901. (2) That the evidence is insufficient to sustain the conviction. (3) That the affidavits on which the warrant was issued did not state facts sufficient to confer jurisdiction on the court. (4) That the interrogatories were not in compliance with section 5942, Rev. Codes 1899. (5) That errors were committed in the admission of the evidence at the hearing.

Upon the first specification it is contended that the contempt proceedings were conducted by an attorney who was not the state's attorney of Cass county, or his assistant, or the attorney general of the state, or his assistant, and was not appointed by the court under chapter 178, p. 234, Laws 1901. No objection was made to the attorney who conducted the proceedings until the costs were being taxed. The objection was then made as a ground for the disallowance of all costs. The objection that was then made was to "any hearing being had on the subject of costs * * * on the further ground that Mr. Tenneson, who appears in these proceedings, had no authority to appear in behalf of the state at no stage of the proceedings, and has no authority to conduct this prosecution, or to ask for the allowance of any costs." The objection came too late, even if conceded to be meritorious if made in time. By permitting the attorney to conduct the proceedings without challenging his authority promptly, the defendant waived the want of authority and consented to the appearance of the attorney. State ex rel. Donovan, 10 N. D. 610, 88 N. W. 717. It does not, however, appear in the record that Mr. Tenneson had no authority to appear as attorney in the contempt proceedings.

It is also urged that the affidavits on which the warrant of attachment was issued will not sustain such warrant, for the reason that the facts set forth in the affidavits are stated upon information and belief. The affidavits are too voluminous to be set forth in the opinion. A careful reading of them shows the point not to be well founded as a matter of fact. There are statements in the affidavits based on information and belief, but in every instance they

pertain to the affiant's conclusions as to the purposes for which persons entered the house owned by the defendant. This purpose was alleged upon information and belief. Without these allegations the affidavits stated sufficient facts on which to base a warrant of attachment. The purpose for which persons entered the house, as given in the affidavit, might have been stricken out, and sufficient facts would remain stated in the affidavits to sustain a warrant based thereon. The affidavits contained positive statements of facts sufficient to confer jurisdiction on the court to issue the warrant.

It is next urged that the interrogatories as filed did not comply with the terms of section 5942, Rev. Codes 1899, which provides that the "court or judge must, unless the accused admits the offense charged, cause interrogatories to be filed specifying the facts and circumstances of the offense charged against him." The objection urged to the interrogatories is that they do not in any way specify the facts and circumstances of the offense, as provided by the language of the statute. If the section could be construed to mean that the interrogatories must specify the facts and circumstances of the offense, then the statute provides that the defendant is entitled to two specifications of what the offense charged is. The affidavits on which the warrant is issued take the place of a complaint, and must state facts showing the offense complained of as a contempt. State v. Root, 5 N. D. 487, 67 N. W. 590, 57 Am. St. Rep. 568. To provide for another charge or complaint would answer no purpose. The meaning to be given to the section is that the interrogatories must inquire of, and relate to, the facts of the contempt charged, and not to any other offense or contempt. Construing the whole section together, it is clear that it means that the interrogatories shall be so framed as to elicit answers from the defendant as to the facts and circumstances of the contempt, and that it cannot be construed to mean that the filing of interrogatories shall add to, or enlarge or explain the charge already made by the moving affidavits. The use of the word "interrogatories" precludes the idea that the intention was that there should be another charge or specification of the ingredients of the offense or contempt.

It is further objected that it was error to receive in evidence the original affidavits on which the warrant was issued. There are cases so holding, but they are not based on statutes like or similar to ours. Section 5942, Rev. Codes 1899, provides that "upon

the original affidavits, the answer and subsequent proofs the court or judge must determine whether the accused has committed the offense charged." Section 5954, Rev. Codes 1899, relating to the procedure in contempt cases on appeal to this court, provides that "upon such appeal the Supreme Court may review all the proceedings had and affidavits and other proof introduced by or against the accused." Under these provisions, it seems too clear for discussion that affidavits may be used and considered on the hearing in contempt cases. The proceeding is not a trial. The defendant has no constitutional right to be confronted by the witnesses against him. The reception of affidavits to establish the offense is generally sustained by the authorities. Rapalje on Contempts, section 126.

It is further urged that error was committed in allowing the introduction of evidence as to the reputation of the house in question during certain months in the year 1904. The admission of such evidence is held error in many jurisdictions, and properly admissible in others. The authorities for and against such evidence are collected in 9 Am. & Eng. Enc. Law, p. 531. See, also, 14 Cyc. p. 510. In two cases decided by the territorial Supreme Court such evidence was held admissible. Territory v. Stone, 2 Dak. 155, 4 N. W. 697; Territory v. Chartrand, 1 Dak. 379, 46 N. W. 583. But we are not called upon to determine whether such evidence is competent in such cases. There is competent evidence in the record that amply sustains the conviction without considering the evidence that the reputation of the house was that of a house of prostitution. This evidence may be wholly disregarded and the conviction amply sustained by the positive facts proved in the case. This being true, the evidence will be deemed on appeal to be without prejudice in proceedings heard by the court, and to have been disregarded by the court in reaching its conclusion. Waldner v. State Bank (N. D.) 102 N. W. 169; Tolerton & Stetson Co. v. McClure et al., 45 Neb. 368, 63 N. W. 791; Bowman v. Sedgwick (Iowa) 82 N. W. 491; Livingston v. Swofford Bros. Dry Goods Co. et al., 12 Col. App. 320, 56 Pac. 351; Woodrow v. Hawving, 105 Ala. 240, 16 South. 720; Bowdle v. Jencks (S. D.) 99 N. W. 98; Clithero v. Fenner (Wis.) 99 N. W. 1027; 3 Current Law, p. 1584, and cases cited in note 21. It is true that the defendant denies that she kept or maintained the house or had anything to do with the running of it, or in any way violated the injunction after it was served. From a careful reading of the record we are

satisfied that the evidence clearly overcomes her testimony. It is clearly shown that the defendant knowingly permitted the house to be used as a house of prostitution after the injunction was served upon her. It is contended that in such cases the accused must be shown to be guilty of the contempt beyond a reasonable doubt. The proceedings being criminal in their character, some cases uphold that contention. The weight of authority, however, does not support that rule. The statute lays down no rule as to the degree of proof. It simply says that the court shall determine whether the accused has committed the offense. In contempt cases the rule generally followed is that the offense must be clearly shown to have been committed. 9 Cyc. p. 456, and cases cited.

On reviewing the evidence, as we are required to do when the sufficiency of the same to warrant a conviction is challenged and a statement of the case is settled, we have no hesitation in saying that the conviction was clearly shown by competent testimony not objected to.

It follows that the judgment must be affirmed. All concur.

ENGERUD, J., having been of counsel, did not sit on the hearing of the above-entitled cause, nor take any part in the foregoing opinion; Hon. CHARLES J. FISK, Judge of the First Judicial District, sitting in his place by request.