---

## In re WILK.

(District Court, S. D. New York. August 29, 1907.)

**1. Contempt—Violation of Order of Court—Notice.**

If a person has actual knowledge of an order of court, he is liable for the consequences of violating it, although he has not been formally served with it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 70.]

**2. Same—Interference with Receiver in Bankruptcy.**

On the filing of a petition in involuntary bankruptcy, an injunction was granted and a receiver appointed, who took possession of the bankrupt's stock of goods and placed a lock on the door. When his custodian went to the place the next day, respondent, who was a city marshal, had broken open the door and was about to seize goods under a writ of replevin. He was informed of the action of the bankruptcy court and that the property was in possession of its receiver, whose name was given, and was warned not to interfere with the same, but answered that he did not care for the United States court, and took and removed goods under his writ. *Held*, that he was guilty of contempt of the bankruptcy court, and a sentence of 60 days' imprisonment imposed as a punishment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 163.]

In Bankruptcy. On motion to punish for contempt.

James, Schell & Elkus (James N. Rosenberg, of counsel), for the motion.

Maxwell R. Slutzkin, opposed.

HOLT, District Judge. This is a motion to punish Abraham Herman, a city marshal, for contempt. On August 8, 1907, a petition in involuntary bankruptcy was filed in this court against Harry Wilk, an application for an injunction and the appointment of a receiver was duly made, an injunction granted, and a receiver appointed. The receiver immediately qualified by giving a bond, which was duly approved. Immediately upon his qualification, about 1 o'clock p. m., he went to the place of business of the alleged bankrupt, 50 East Eighth street, took possession of the property there, consisting principally of ladies' cloaks and suits and unmanufactured cloth. He found a bookkeeper in charge of the place, informed him of his appointment as receiver, and the bookkeeper turned over the premises to him as receiver. The receiver remained there in possession that afternoon. Before leaving, he purchased a new lock, placed it upon the outside door, and left the premises locked. The next morning the receiver appointed Aaron

Brookheim as custodian of the property, gave him the keys, and sent him to take possession. When Mr. Brookheim arrived at the premises, he found that the door had been broken open, and that there were in the premises Abraham Herman, a city marshal, and four other men. He asked what they were doing, and Herman informed him that he was a city marshal, and that he was there to execute a writ of replevin. Brookheim then informed Herman that a petition in bankruptcy had been filed, an injunction order made, and a receiver appointed, that the receiver was Charles W. Littlefield, and that he came there on behalf of the receiver. He told Herman that the receiver had taken possession the day before, and had his lock put on the door, that Herman had no right to enter or interfere with the goods, and that he must not remove any of the goods. Herman said that he did not care for the United States court, and that he was going to take the goods away under his writ. Brookheim then asked, before any of the goods had been taken out, that he might make an inventory of them. Herman refused to permit him to do so. Thereupon Herman, with his men, removed the goods and took them to a storage warehouse. The writ of replevin called for piece goods. A portion of the goods taken away were manufactured goods.

The marshal's defense to this motion is, in substance, that, as no certified copy of the order of injunction and appointing the receiver was duly served upon him, he was not obliged to pay any attention to the information which was given to him that an officer of this court was in possession of the property. The rule is well settled that, if a person has actual knowledge of the existence of an order of court, he is liable to the consequences of violating it, even if he has not been formally served with it. High on Injunctions, § 1422, and cases there cited. In this case Herman was clearly and specifically notified that a receiver had been appointed the previous day, and the name of the receiver and full details of the entire transaction were given him. He could have ascertained in two minutes whether this information was true by calling up the clerk's office of this court on the telephone. His claim that he was not obliged to desist from interfering with the property in the custody of this court until he was formally served with a certified copy of the order simply shows that it was his deliberate intention to seize and remove the property, regardless of the rights of the receiver. It is well settled that the filing of a petition in bankruptcy is a caveat to all the world, and, in effect, is an attachment and an injunction. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. In my opinion, the action of Herman is a clear case of contempt of this court.

An order will be entered, adjudging him in contempt, and directing, as a punishment for his contempt, that he be committed to the Tombs prison for 60 days. The order will further provide that all the goods taken be returned forthwith to the receiver. If, after their return, the receiver claims or suspects that all the goods taken have not been returned, it may be referred to Stanley W. Dexter, as special master, to take testimony and report whether any goods were removed which have not been returned, and, if so, what was their value, and who, if any one, should be held accountable for them.