[File No. 6628.]

STATE OF NORTH DAKOTA, Respondent, v. HARRY W. BAB-
COCK, Appellant.

(251 N. W. 849.)

Opinion filed December 30, 1933.

*Sullivan, Fleck & Sullivan,* for appellant.

*George S. Register,* for respondent.

MOELLRING, J. Defendant appeals from an order and judgment of the district court finding him guilty of contempt of court and fixing his punishment at six months' imprisonment in the county jail.

The record discloses that on the 12th day of May, 1933, a judgment of divorce was entered in the district court of Burleigh County upon findings and order in an action wherein one Bernice Babcock is plaintiff and Harry W. Babcock (the defendant herein) is defendant. The decree is in favor of the plaintiff, grants an absolute divorce, provides for the payment of $200 alimony to be paid forthwith, the sum of $40 per month for maintenance and support, payable on the 15th day of each month beginning with the month of May, 1933, and the filing fee of $5.00. The amounts fixed in the decree are based upon a stipulation of settlement made by the parties themselves. The decree also enjoins the parties from remarrying until the expiration of three years from May 1, 1933, without first procuring permission of the court.

On June 1, 1933, the plaintiff Bernice Babcock made an affidavit to the effect that the defendant Harry W. Babcock was in arrears in the payment of alimony, as provided by the judgment of divorce, in the amount of $100, and asked that defendant show cause why he has not paid the same or be committed as for contempt.

On June 16, 1933, a warrant of attachment was issued out of the district court based on the said affidavit. Subsequently, the defendant was arrested and the matter came on for hearing before the district

court on September 18, 1933. On the latter date and at the time of the hearing, a second affidavit was made and presented to the court by the said Bernice Babcock. This latter affidavit covered substantially the same ground as set forth in the previous one, and, in addition, states that the defendant has not paid any of the monthly payments for maintenance and support as provided by the decree, and has also failed to pay the filing fee of $5.00. The affidavit sets forth further, on information and belief, that the defendant had remarried, contrary to the provisions of the judgment of divorce. She asks that defendant show cause, if any he has, why he should not be committed for contempt.

This latter affidavit was never served on the defendant or his attorneys, and no warrant of attachment, or any order, was ever issued thereon.

At the hearing interrogatories were submitted covering the alleged omissions and commissions of the defendant as contained in both affidavits. Answers were made thereto by the defendant. He also gave oral evidence from the witness stand. At the conclusion of the hearing, the court found the defendant guilty of contempt and issued its order and warrant of commitment. That part of the order and warrant material for our consideration reads as follows:

". . . and said plaintiff having caused written interrogatories to be filed as provided by law, specifying the facts and circumstances of the offense charged against him, and said defendant having made written answer thereto under oath and having submitted testimony in addition thereto, and this court being convinced that said defendant has committed the offenses charged and that they constituted contempt as defined by section 8180 of the 1913 Compiled Laws of the State of North Dakota, and that said defendant has failed and neglected to make payments to Bernice Babcock in re: Bernice Babcock, plaintiff, v. Harry W. Babcock, in said Court, as ordered and required by this Court in the Judgment and Decree entered therein, and that said defendant remarried on or about the date of the entering of such Judgment and Decree in direct violation of the direction of this Court as provided in such Judgment and Decree;

"Now, Therefore, it is Hereby Ordered that said defendant be forthwith committed to the County Jail of said Burleigh County for a

period of six months, beginning at noon of this day and the Sheriff of said Burleigh County is hereby Ordered to detain him until the expiration of such sentence, subject to the further order of this Court."

On this appeal defendant predicates error: that the trial court erred in finding the defendant was able to pay the alimony in arrears heretofore awarded in the said cause of Bernice Babcock v. Harry W. Babcock, the defendant herein; erred in adjudging the defendant guilty of contempt of court; and that the court erred and abused its discretion in ordering the defendant committed to the county jail for a period of six months.

From the nature of the interrogatories propounded and the terms of the order and warrant of commitment, it appears that the court rendered its judgment and imposed punishment upon all of the grounds set forth in both affidavits. The warrant of commitment and order reads, in part: ". . . and that said defendant has failed and neglected to make payments to Bernice Babcock in re: Bernice Babcock, plaintiff, v. Harry W. Babcock, in said Court, as ordered and required by this court in the Judgment and Decree entered therein, and that said defendant remarried on or about the date of the entering of such Judgment and Decree in direct violation of the direction of this Court as provided in such Judgment and Decree."

It is our view that the matter set forth in the second affidavit was not properly before the court for determination at the time of the hearing. The record does not disclose that the affidavit had been served, nor had any attachment or order been issued thereon, as provided in §§ 8182, 8183 and 8184, Compiled Laws 1913.

The only reference made to the latter affidavit in the record is where the trial court states (page 3, transcript): "I might say just now was presented a petition for another attachment for contempt of court for violating the order of the court. If you could settle it all at once. . . ." Following this remark counsel for the defendant, Mr. Sullivan, made a statement to the court with reference to the reasons for failure to pay alimony, and concluded his remarks with the following: "The circumstances surrounding the re-marriage, I take it, are well known to counsel on both sides and the Court, and under those circumstances. . . ." The court: "That isn't up now, but this practice

of just ignoring the orders instead of making application to have it modified isn't a wholesome practice."

Section 8188, Compiled Laws 1913, provides the procedure to be pursued in determining a contempt matter. It reads:

"When the accused is produced by virtue of a warrant, or appears upon the return of a warrant, or of an order to show cause the court or judge must, unless the accused admits the offense charged, cause interrogatories to be filed, *specifying the facts and circumstances of the offense charged against him.* The accused must make written answer thereto under oath within such reasonable time as the court or judge allows therefor and either party may produce affidavits or other proofs contradicting or corroborating any answer. Upon the original affidavits, the answer and subsequent proofs the court or judge must determine whether the accused has committed the offense charged." (Italics ours.)

The construction of this section implies that the interrogatories and the proof must be confined to the original issue. A contempt proceeding is quasi criminal in nature and is governed by the rules on criminal pleadings applicable to informations and indictments. The affidavits on which the warrant is based stand as the complaint. Evidence of other offenses or purported contempts is immaterial and incompetent. State v. Root, 5 N. D. 487, 67 N. W. 590, 57 Am. St. Rep. 568; State v. Harris, 14 N. D. 501, 105 N. W. 621; Noble Twp. v. Aasen, 10 N. D. 264, 86 N. W. 742; Re Dunbar, 49 N. D. 851, 193 N. W. 928.

The only question before us, therefore, on this appeal, is whether the evidence sustains a finding to the effect that defendant is guilty of contempt in failing to pay the sum of $100 alimony fixed by the decree.

The judgment of divorce entered on May 12, 1933, provides for the payment of $200 alimony forthwith. Defendant testified that on this latter date he paid thereon the sum of $100. This is conceded. In his answers to the interrogatories, he states that he was unable to pay the remaining $100; that he had been employed for a considerable time at a wage of $65 per month, but that on or about May 20, 1933, or about one week after the date of the entry of judgment, he was discharged from his employment and has been unable to procure work or earn any wages since; and that he has no property and no means whereby he can make payment.

His answers to the interrogatories and his testimony from the stand are not controverted by any evidence in the record. Neither the complainant, nor the state, offered any evidence, except such as is contained in the affidavit as a basis for the proceeding. Can it be said, therefore, that his statements are not true; that he could have paid the $100, or could have procured employment and met the obligation?

Contempt proceedings being quasi criminal in character, some courts hold that, like the proof in a criminal case, the evidence must satisfy beyond a reasonable doubt. The rule favored by this court, as indicated in State v. Harris, 14 N. D. 501, 105 N. W. 621, is to the effect that the offense must be clearly shown to have been committed. See the following cases: State ex rel. Continental Coal Co. v. Bittner, 102 W. Va. 677, 136 S. E. 202, 49 A.L.R. 968, annotation, page 975; Oster v. People, 192 Ill. 473, 61 N. E. 469, 56 L.R.A. 462; Hotaling v. Superior Ct. 191 Cal. 501, 217 P. 73, 29 A.L.R. 127.

Measured by the rule thus enunciated, can it be said that the evidence in this case clearly and satisfactorily shows that the defendant is guilty of contempt for failing to pay the said sum of $100 alimony?

The only evidence in the record, except proof of default alleged in the basic affidavit, which default is conceded, is the testimony of the defendant. He explains and excuses his conduct on the ground of, inability to pay. This explanation and this conclusion must stand, unless a contrary conclusion of guilt can be fairly and clearly arrived at from the facts and circumstances in the evidence. Oster v. People, 192 Ill. 473, 61 N. E. 469, 56 L.R.A. 462, supra.

We do not believe the evidence clearly indicates the defendant guilty of contempt, and the judgment of the trial court must be reversed.

BURR, Ch. J., and CHRISTIANSON, NUESSLE and BURKE, JJ., concur.