## In re KWELMAN.

### No. 37587.

District Court, E. D. New York.

Dec. 20, 1939.

Nathan Schwartz, of Brooklyn, N. Y., for bankrupt, for the motion.

S. Robert Zimmerman, of New York City, for creditors, opposed.

CAMPBELL, District Judge.

This is a hearing on an Order to Show Cause, why Alexander Beinstock, Harry Hass and David Scheuer, and Max Lipman, should not be adjudged, as and for a contempt of this Court, for wilfully and contumaciously violating and disregarding the orders of this Court, dated September 6th, 1939, and November 4th, 1939, respectively, which orders restrained them from taking any action, except in bankruptcy, to collect their claims and judgments against the bankrupt herein, and for such other and further relief as to this Court may seem just and proper.

Neither of the persons sought to be punished for contempt herein were served with a copy of either of the orders hereinbefore described, and the Attorney for the respondents herein, who was served with an uncertified copy of said orders, denies

on oath that any of the said respondents had knowledge of such orders. Only a person who had actual knowledge of the orders can be found guilty of contempt of Court, because of a violation thereof.

■ Ordinarily, the way to give notice of an order, if it is desired to bind anyone named or described in said order is by personal service of the order on him, but although not served, if a person has actual knowledge of an order of Court, he is liable for the consequences of violating it, although he had not been formally served with it: In re Wilk, D.C., 155 F. 943; Kelton v. United States, 3 Cir., 294 F. 491, certiorari denied Douglas v. United States, 264 U.S. 590, 44 S.Ct. 403, 68 L.Ed. 864.

■ Service on the Attorney, in an action in the State Court, of an order like those in question, is not service upon the parties that he represents in such action.

■ The only person, whom it is shown had notice of the orders in question, is the Attorney for the respondents, and he, is not one of the persons whom it is sought to punish herein, for a violation of such order. .

For the reasons stated, I have confined myself solely to the questions discussed, and the decision which I am about to render, is not determinative in any way, on the merits.

Motion denied, without prejudice to the renewal if after service the respondents shall continue to maintain or prosecute in the State Courts the action brought against the bankrupt which formed the basis for this motion for contempt.