Carl HADLAND, Plaintiff and Appellant,

v.

ST. MARK'S EVANGELICAL LUTHERAN CHURCH, a Corporation, and Carl E. Oslund, Defendants and Respondents.

No. 7963.

Supreme Court of North Dakota.

Dec. 1, 1961.

Day, Stokes, Vaaler & Gillig, Grand Forks, for plaintiff and appellant.

Letnes & Hansen, Grand Forks, for St. Mark's Evangelical Lutheran Church, defendant and respondent.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for Carl E. Oslund, defendant and respondent.

STRUTZ, Judge.

This is an appeal by the plaintiff from judgment for the defendants entered after the trial court, on motion of the defendants, directed the jury to return a verdict in their favor. The action was for personal injuries suffered by the plaintiff while he was helping with the painting of the parsonage belonging to the defendant St. Mark's Evangelical Lutheran Church in Grand Forks. The defendant Carl Oslund was the pastor of the church and, with his family, lived in the parsonage.

At the time of plaintiff's injuries, the congregation had no building in which to worship but held its services in a nearby school building. The parsonage, in addition to being the residence of the pastor, was used for many church functions such as committee meetings, choir practice, Boy Scout meetings, and similar gatherings.

The parsonage was in need of painting, and the committee in charge of church property recommended to the church council that it be painted. The council adopted this recommendation and, through the medium of the church bulletin, urged members of the congregation to come to the parsonage for a painting bee on a certain day. Among the members of the congregation who appeared for such painting bee was the plaintiff. He had been a professional painter for more than forty years and, on his arrival at the parsonage, he immediately took charge of preparing the paint by mixing it and stirring in some thinner. He also suggested to the others present that the west side of the house be painted in the morning in order to avoid the heat of the afternoon sun.

The parsonage was a two-story structure with a one-story lean-to on the west side. The lean-to had a sloping roof. Three church members, including the plaintiff and the defendant Oslund, began to paint the upper portion of the west side of the house, operating from the top of the lean-to. An aluminum ladder with rubber grips was used to reach the upper portion of the surface to be painted. The plaintiff set the ladder and began to paint from its top. The plaintiff moved the ladder five or six times while painting from the roof of the lean-to. After each move, he would jump on the lower rung of the ladder to see that the ladder was firmly set. The defendant Oslund held the ladder used by the plaintiff until it was moved for the third time, and then was told by the plaintiff that there was a lot of painting to be done and that the defendant should quit wasting time by holding the ladder and should get at the painting.

As the painting progressed toward the side of the house, the portion of the house to be painted became lower and the slant of the ladder, as it leaned against the house from the roof of the lean-to, became greater. While the plaintiff was painting, after having moved the ladder, the ladder slipped and the plaintiff fell into an open cellar door and onto concrete or stone steps leading to the basement, suffering very severe injuries.

At the trial, after both sides had rested, the defendants moved for a directed verdict, which motions were resisted by the plaintiff. After due consideration, the trial court granted the motions and made its order directing the jury to return a verdict pursuant to such motions. Judgment of dismissal of the plaintiff's cause of action was entered. This is an appeal by the plaintiff from such judgment of dismissal, on the sole question of whether the trial court committed prejudicial error in so directing a verdict in favor of the defendants.

Rule 50(a) of the North Dakota Rules of Civil Procedure provides:

"At the close of all of the evidence any party may move the court to direct a verdict in his favor upon one or more claims and against one or more parties. If the adverse party objects thereto, the court shall submit to the jury the issues of all claims as to which evidence has been received upon all issues and as to such claims the motion shall be denied. * * *"

■ Under the rule cited, it was the duty of the trial court to deny the motions of the defendants for directed verdict and to submit to the jury the issues of all claims as to which evidence had been received. Therefore, directing the jury to return a verdict for the defendants was error.

■ Error by a trial court may be prejudicial, requiring a reversal, or it may be harmless. It is a fundamental principle of appellate procedure which is universally recognized that a party cannot assign as error that which is not prejudicial to him. Harmless error, i. e., any error not accompanied by prejudice or injury, is not ground for reversal. 5A C.J.S. Appeal & Error Sec. 1676, p. 677.

The question for this court to determine, therefore, is whether the error of the trial court in directing a verdict on any claim upon which evidence has been received on all issues affecting such claim, was prejudicial to the plaintiff. Certainly, if the evidence is such that any verdict for the plaintiff by the jury would have to be set aside, granting the motions of the defendants for dismissal of plaintiff's complaint would not be reversible error. In such a case, the court was doing only what it eventually would be required to do had the matter been submitted to the jury and had the jury returned an erroneous verdict. Thoreson v. Hector, 54 N.D. 651, 210 N.W. 169.

The plaintiff's complaint is based on negligence of the defendants. The complaint alleges that the defendants negligently supplied the plaintiff with a step ladder which was too long for the purpose for which it was to be used, and the defendants negligently left a stairway uncovered below the place where the plaintiff was painting.

The defendants, in separate answers, deny any negligence on the their part, and allege that the plaintiff was guilty of contributory negligence and that he had assumed the risk of injury by volunteering to work as a painter on the church project.

■ We have carefully studied the evidence in this case. The plaintiff was a professional painter and was fully aware of the risks involved in painting the house. The evidence shows that, when plaintiff arrived at the parsonage the morning of the accident, he took charge of the entire project, presumably because of his superior experience as a painter. When the defendant Oslund attempted to steady the ladder for the plaintiff, he was told that there was a lot of painting to be done and that the defendant should quit wasting time holding the ladder and get to painting. This is testified to by the plaintiff himself, for he says:

"He held it for a little bit and I said, 'It isn't necessary to hold it,' so he went to his painting."

The evidence further shows that the plaintiff himself moved the ladder from spot to spot on the lean-to roof and, before climbing the ladder after each move, he tested it by jumping on the lower rung to see if the ladder was firm; that the plaintiff at no time requested the defendant Oslund to hold the ladder for him, even after the slant of the ladder became greater because of the sloping roof; that the defendant Oslund was painting right next to the plaintiff and that the plaintiff, who was fully aware of any danger which might exist, failed to request the defendant to steady the ladder.

We believe that the evidence in this case was insufficient to sustain a verdict for the

plaintiff. Had the case been submitted to the jury and a verdict returned for the plaintiff, the defendants would have been entitled to judgment notwithstanding the verdict as a matter of law.

Since the plaintiff's evidence shows that he had no cause of action, and since the defendants would have been entitled to a judgment notwithstanding the verdict had the matter been submitted to a jury and had the jury returned a verdict for the plaintiff, the trial court's action in granting the defendants' motion for directed verdict was error without prejudice and will not be disturbed on appeal. Rattie v. Minneapolis, St. P. & S. Ste. M. R. Co., 55 N.D. 686, 215 N.W. 158.

We do not recommend that our trial courts grant motions for directed verdict when such motions are resisted and some evidence has been received upon all issues necessary to establish plaintiff's claim. But where, as in the present case, the trial court does direct a verdict to be returned by the jury, and the evidence plainly shows that the plaintiff has no cause of action, the granting of the defendants' motion for directed verdict is error without prejudice and will not be disturbed on appeal. Johnson v. Sebens (N.D.), 86 N.W.2d 386.

Accordingly, the judgment is affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.