Joyce E. BUCHMANN, Petitioner and Respondent,

v.

Harold BUCHMANN, Respondent and Appellant.

Civ. No. 8803.

Supreme Court of North Dakota.

March 29, 1972.

J. C. Blaisdell, State's Atty., Mercer County, Hazen, for petitioner and respondent.

Sperry & Schultz, Bismarck, for respondent and appellant.

STRUTZ, Chief Justice.

Harold Buchmann appeals from an order of the district court of Mercer County requiring him to make support payments for his minor children. The State of Washington is the initiating jurisdiction, and this proceeding was brought under the Uniform Reciprocal Enforcement of Support Act, Chapter 14–12, North Dakota Century Code.

The parties to this proceeding were married on September 17, 1959, at Zap, North Dakota, where they continued to reside until November 19, 1970. On the latter date, the petitioner and respondent, Joyce E. Buchmann, left the home of the parties with the three children who had been born to this marriage. On leaving the home, she moved to the State of Washington. The appellant continued to live in Zap, where he was employed by a coal-mining company.

In January of 1971, Joyce commenced a proceeding in the courts of the State of Washington for child-support payments under the Uniform Reciprocal Enforcement of Support Act. An order dated May 20, 1971, for child support was issued by the Washington court, and this order was forwarded to the district court of Mercer County, the county in which the appellant resides.

Both parties have commenced divorce proceedings, and each party is asking for the custody of the three children. These proceedings are still pending and are not before this court on the appeal.

On June 14, 1971, after the order for support was received in the district court of Mercer County, the district court held a

hearing in which the appellant was required to show cause why he should not be ordered by the district court to support his minor children. At that hearing, the appellant was granted a continuance until July 20, 1971, for the purpose of preparing his return to the order to show cause and for the further purpose of enabling the issues of custody and support to be determined in the pending divorce proceedings prior to that date.

On June 22, 1971, the appellant caused to be served upon the respondent certain written interrogatories. These interrogatories had not been answered by July 20, 1971, when the order to show cause, pursuant to continuance, came on for hearing. At such continued hearing, the appellant made a second motion for continuance, pointing out that the question of custody and support had not yet been determined in the divorce proceedings. The trial court denied such motion for continuance and issued its order requiring the appellant to make child-support payments. This appeal is taken from such order denying the appellant's motion for a further continuance and ordering support payments.

The appellant urges two specifications of error:

1. That the trial court erred in not granting his motion for a second continuance because the interrogatories which had been served upon the petitioner had not been answered by her, and that a further continuance would have permitted the court in the divorce action to determine the question of custody and support and would have enabled the appellant to take the petitioner's deposition; and

2. That the evidence before the district court was insufficient to justify the issuance of the court's support order.

The appellant, in support of his contention that it was error for the court to deny his motion for a second continuance, cites Section 14–12.1–20 of the North Dakota Century Code and the decision of this court in the case of Craft v. Hertz, 182 N.W.2d 293 (N.D.1970).

Section 14–12.1–20 reads:

"If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition or offers evidence constituting a defense, the court, upon request of either party, shall continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken."

We find that the trial court did not abuse its discretion in failing to grant the appellant's motion for a further continuance under the above section. A careful review of the record fails to disclose that the appellant, who was the obligor mentioned in the above section, does not deny his duty to support his children. As a matter of fact, the record positively discloses that he had commenced divorce proceedings against the petitioner and that in such proceedings he was seeking the custody of his children. His demand for custody is, we believe, an admission of his duty to support them.

Furthermore, we do not believe that Section 14–12.1–20 is applicable here, because the appellant made no showing that the first continuance granted by the court from June 14, 1971, to July 20, 1971, was insufficient for the defendant to have taken the petitioner's deposition.

The appellant asserts that the continuance should have been granted because the interrogatories which he had served upon the petitioner had not yet been answered. We find that this is immaterial on the issue of child support. Section 14–12.1–20, under the provisions of which the appellant

had moved for such continuance, specifically provides that a continuance shall be granted if the obligor denies a duty of support or offers evidence constituting a defense to the duty of support, in which event the court shall continue the hearing to permit evidence relative to such duty to be adduced. The interrogatories which had been served upon the petitioner do not cover the question of duty to support, which was before the court. Furthermore, Section 14–12.1–20 provides for a continuance for the purpose of allowing either party to seek a deposition or for either party to appear in person before the court. The appellant made no showing that he had attempted to take petitioner's deposition or that he wanted to make such an attempt. There is nothing in the showing made by the appellant to the effect that if the motion for continuance were granted, any additional information would possibly be secured on the issue of child support.

The appellant further asserts that the court erred in denying his motion for a second continuance on the ground that the issue of child custody and support could have been determined in the pending divorce proceedings, had such motion been granted. Our Uniform Reciprocal Enforcement of Support law provides, in part:

"A responding court shall not stay the proceeding or refuse a hearing under this chapter because of any pending or prior action or proceeding for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody in this or any other state. The court shall hold a hearing and may issue a support order pendente lite." Sec. 14–12.1–30, N.D.C. C.

In view of this provision of the law, we find that the trial court did not abuse its discretion in denying the appellant's motion for a second continuance on the ground that the problem of custody and support may have been solved in such divorce proceedings.

The appellant cites the decision of this court in Craft v. Hertz, *supra,* in urging that the denial of his motion for a further continuance was error. We believe that *Craft* can be distinguished from the case here under consideration. In that case, a divorce decree had already been rendered. A continuance had not been requested, and the court said that failure of the trial court to grant a continuance could not be claimed as error where such continuance had not been requested. In the instant case, however, the appellant had requested and had been granted one continuance of some thirty-six days. It was his request for a further continuance which was denied. The record fails to show that, had such second continuance been granted, the defendant would have been able to produce any additional evidence on the issue of his duty to support the children. There was evidence that the children had been cared for solely with public welfare funds for some time. If the appellant had a duty to support them, the hearing on the order to show cause should have been held without further delay.

For reasons stated, we hold that the denial of the appellant's motion for a second continuance was not an abuse of discretion.

The remaining issue to be determined on this appeal is whether the evidence was sufficient to justify the support order issued by the court in Spokane under the Washington Uniform Reciprocal Enforcement of Support Act. The involvement of the district court of Mercer County was for a show-cause hearing as to why the support order of the Washington court should not be enforced and, if it is enforceable, for an order enforcing the Washington order.

The record discloses that the appellant, at the hearing on the order to show

cause, admitted that he was legally married to the petitioner; that he is the father of the three children for whom support is being sought; and that he is employed at a strip mine in Zap, with an income sufficient to enable him to contribute to the support of the children. Section 14–12.1–23 of the North Dakota Century Code provides, in part:

". . . If the action is based on a support order issued by another court a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity (section 14–12.1–27) or to a defendant in an action or a proceeding to enforce a foreign money judgment. . . ."

The order of the Washington court thus is subject only to defenses of the appellant with respect to paternity of the children. In this case, the appellant does not deny that he is the father of the children.

The record further discloses that the children are living solely on welfare, and that they are in need of support. Thus the appellant's own testimony and the sworn testimony of the petitioner, his wife, which testimony accompanied the Washington court's order for support, provided the Mercer County district court with sufficient evidence to determine that there was a need of support; that the appellant had a duty to provide such support; and that he was not paying any support and had no lawful excuse for refusing to support the children.

For reasons set forth in this opinion, the order of support issued by the district court of Mercer County is in all things affirmed.

TEIGEN, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.