Joyce E. BUCHMANN, Petitioner and
Respondent,

v.

Harold BUCHMANN, Respondent
and Appellant.

Civ. No. 8841.

Supreme Court of North Dakota.

Nov. 30, 1972.

Sperry & Schultz, Bismarck, for respondent and appellant.

Richardson & Blaisdell, Hazen, for petitioner and respondent.

PAULSON, Judge.

On July 22, 1971, pursuant to proceedings under the Revised Uniform Reciprocal Enforcement of Support Act, Chapter 14–12.1 of the North Dakota Century Code, Harold Buchmann [hereinafter Buchmann] was ordered by the Mercer County District Court to pay to the Mercer County Clerk of Court for forwarding to the Clerk of Superior Court, Spokane, Washington, the sum of $150 per month, commencing with the month of July 1971. An appeal was taken from the order dated July 22, 1971, and the order was affirmed by this court in Buchmann v. Buchmann, 196 N. W.2d 80 (N.D. March 29, 1972).

On January 17, 1972, an affidavit was filed with the district court by the Mercer County State's Attorney alleging that Buchmann, after making payments totaling $375, had ceased making any further payments as required by the July 22, 1971, support order. On the basis of this affidavit, the district court issued an order, returnable on January 21, 1972, requiring Buchmann to show cause why he should not be held in contempt of court for failing to make the payments required by the support order. On January 21, 1972, Buchmann filed an affidavit in response to the order to show cause in which he averred, among other things: that there had been a strike at his place of employment which began in the Fall of 1971 and which lasted for approximately one month; that during such strike he received only $100 in income, and, consequently, was in arrears in the payments required by the support order.

On January 28, 1972, after a hearing on the order to show cause, the Mercer County District Court issued its order adjudging Buchmann guilty of civil contempt because of his failure to make the required payments. Buchmann has appealed from this order.

The first issue which confronts us on this appeal is the extent to which our review of the contempt proceedings in the district court will be limited by Buchmann's failure to provide this court with a complete record of those proceedings. Error is never presumed on appeal [Zarak v. Hjelle, 156 N.W.2d 815 (N.D.1968); Robbins v. Robbins, 70 N.W.2d 37 (N.D.

1955)], and the party taking an appeal from an order has the burden of presenting a record which clearly shows the errors complained of. Collette v. Matejcek, 146 N.W.2d 156 (N.D.1966); Mills v. Roggensack, 92 N.W.2d 722 (N.D.1958); Robbins v. Robbins, *supra*. Thus, Buchmann has the burden of presenting a record to this court which clearly shows the errors complained of and which complies with the requirements of § 28–27–07, N.D.C.C. Section 28–27–07 states in pertinent part:

> "*Record on appeal.*—Upon appeal the record must contain:
>
> .  .  .  .  .  .
>
> "2. From an order, the original papers used by each party on the application therefor, the reporter's minutes, if any, duly transcribed, *and the evidence upon which such order is based, duly certified* as correct by the trial judge. Such record shall be duly authenticated and transmitted by the clerk of the district court. [Emphasis added.]
>
> .  .  .  .  .  ."

After perusing the record on this appeal, we find that Buchmann has not met his burden of presenting a proper record to this court since we find no certificate of the district court certifying the evidence upon which its order is based, as is required by § 28–27–07, N.D.C.C. Thus, there is no settled statement of the case in the record and consequently there is no evidence before the court for review. Therefore, our review of the contempt proceedings in the district court is limited to those errors appearing upon the face of the judgment roll, which consists of: the contempt order, the order to show cause, the affidavit of the state's attorney in support of the order to show cause, and the affidavit of Buchmann interposed in opposition to the order to show cause. Zarak v. Hjelle, 154 N.W.2d 377 (N.D.1967); Compson v. Olson, 75 N.W.2d 319 (N.D.1956).

Buchmann's brief sets out several specifications of error. However, we have consolidated them in order to achieve greater clarity. The first error assigned by Buchmann is the district court's reliance upon that part of the state's attorney's affidavit which was made on information and belief in finding that Buchmann failed to make support payments as required by the court's order of July 22, 1971. However, because of Buchmann's failure to secure a settled statement of the case from the district court, certifying the evidence upon which the court's order is based, we are unable to review the issue of the district court's reliance on the state's attorney's affidavit, since the incomplete record does not preclude the inference that the district court based its finding of failure to make the required support payments on other competent evidence, undisclosed to us by the incomplete record presented and wholly independent of the state's attorney's affidavit. Therefore, since the record does not clearly show that the district court primarily relied upon the state's attorney's affidavit, we conclude that it would be inappropriate for this court to discuss any issue raised by any such reliance.

The second error assigned by Buchmann is the district court's failure to dismiss the contempt action after the state's attorney's alleged failure to offer any additional evidence rebutting Buchmann's affidavit which was interposed in response to the order to show cause, other than the state's attorney's affidavit in support of that order. However, with respect to this assignment of error, Buchmann has also failed to meet his burden of presenting a proper record on appeal because the incomplete record before us does not foreclose the inference that other competent evidence, in addition to and independent of the state's attorney's affidavit in support of the order to show cause was introduced in the contempt proceedings, which evidence would justify the court's failure to dismiss the contempt action. Thus we are unable to consider the issue presented by Buchmann's second assignment of error.

The third error assigned by Buchmann is the district court's reliance upon incompetent evidence in finding that Buchmann was guilty of civil contempt. More specifically, Buchmann asserts: that the district court improperly elicited testimony from him without placing him under oath as is required by § 31–01–22, N.D.C. C.; that the testimony elicited indicated that Buchmann had no legal justification for his failure to make the required support payments; and that the district court based its finding of civil contempt on that testimony. However, we conclude that a review of this alleged error is unnecessary since the unsworn testimony complained of, while apparently relied upon to some extent by the district court in the court's finding that Buchmann was guilty of contempt, is not necessary to support that finding and, therefore, any error attributable to the allegedly improper elicitation of testimony is harmless error. Holten v. Amsden, 161 N.W.2d 478 (N.D.1968); Maier v. Holzer, 123 N.W.2d 29 (N.D.1963); Hadland v. St. Mark's Evangelical Lutheran Church, 111 N.W.2d 775 (N.D.1961). That the testimony complained of is unnecessary to support the court's finding of contempt is a logical conclusion drawn from the principles: 1) that the complainant's burden is *only* to show that contemptuous acts were committed by the defendant; and, 2) that the burden is on the defendant to show that his contemptuous acts were legally justified. 17 C.J.S. Contempt § 84(2); 17 Am.Jur.2d, Contempt § 51. Thus, even if this court were to conclude that the testimony elicited was incompetent, such a conclusion would not require us to reverse the district court's finding of contempt, since, as stated above, all that the complainant is required to show to support a finding of contempt is that the defendant committed contemptuous acts. Consequently, any error attributable to the allegedly improper elicitation of testimony from Buchmann would be harmless error since the exclusion of that testimony would not affect the result on this appeal. Holten v. Amsden, *supra*; Maier v. Holzer, *supra*; Hadland v. St. Mark's Evangelical Lutheran Church, *supra*.

The final assignment of error which is urged by Buchmann is the complainant's failure to meet her burden of proof in the contempt proceeding. The degree of proof necessary to establish civil contempt is that the offense must be clearly shown to have been committed. Svihla v. Svihla, 126 N.W.2d 135 (N.D.1964); Raszler v. Raszler, 80 N.W.2d 535 (N.D. 1957); State v. Babcock, 64 N.D. 288, 251 N.W. 849 (1933); State v. Harris, 14 N.D. 501, 105 N.W. 621 (1905). However, a determination of whether or not the burden of proof was met by the complainant is dependent upon this court's having before it a complete record of all evidence upon which the district court based its finding of civil contempt. Since a complete record is not before us and since the burden of producing such a record rests upon the appellant, Buchmann [Collette v. Matejcek, *supra*], we are unable to review the alleged error that the complainant failed to meet her burden of proof.

On the basis of the incomplete record which has been presented to this court, we conclude that the order of the district court adjudging Buchmann guilty of civil contempt should be affirmed.

The order of the district court is therefore affirmed.

STRUTZ, C. J., and ERICKSTAD, TEIGEN, and KNUDSON, JJ., concur.