MARTHA STEINKE, Respondent, v. NORTHERN TELEPHONE COMPANY, a Corporation, and The Northwestern Telephone Exchange Company, a Corporation, Appellants.

(191 N. W. 477.)

**Damages — facts proved held to support facts alleged; questions of negligence and contributory negligence held for jury; $12,230 for personal injuries held not excessive.**

In an action for personal injuries sustained by plaintiff in opening a cellar door and being precipitated into a cellar adjacent to a street, it is *held:*

(a) That the law of the case upon the alleged facts is fully set forth in Steinke v. Halverson, 46 N. D. 10.

(b) That the facts proved support the facts alleged.

(c) That the trial court did not err in its instructions to the jury.

(d) That the verdict is not excessive.

Opinion filed December 6, 1922. Rehearing denied December 30, 1922.

Damages, 17 C. J. § 408, p. 1091, n. 85. Negligence, 29 Cyc. p. 621, n. 92; p. 635, n. 68; p. 640, n. 13.

Action in District Court, Ward County, *Lowe,* J., for personal injuries.

Defendant has appealed from the judgment and, an order denying judgment non obstante, or, in the alternative, for a new trial.

Affirmed.

*Bangs, Hamilton & Bangs, Fisk, Murphy & Nash,* and *E. A. Prendergast,* for appellants.

Negligence is a breach of some legal duty that the defendant tele-

---

Note.—On excessiveness of verdicts in actions for personal injuries other than death, see notes in L.R.A.1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480.

On questions of negligence or contributory negligence held one of fact for the jury, see 14 R. C. L. 747.

phone company might owe to the plaintiff. Costello v. Farmers Bank, (N. D.) 157 N. W. 982.

A property owner or lessee owes no duty to a trespasser or a mere licensee on his premises to protect him from injury other than to refrain from wilfully and wantonly inflicting injuries to such person. Rhode v. Duff, 208 Fed. 115, 8th Circuit.

Plaintiff's negligence, which directly contributed to her injury, will bar her recovery from the defendant, even though there be some negligence on its part. Costello v. Farmers Bank, 157 N. W. 982; Steger v. Immen (Mich.) 24 L.R.A.(N.S.) 246.

The maintaining of a closed door leading from the street to a basement, which door is kept closed by a catch, and also a six pound weight does not constitute negligence.

Such a cellarway, basement, or door does not constitute a trap or pitfall, and neither does it come within the purview of the city ordinance of Minot. Rhode v. Duff, 208 Fed. 115; Stanwood v. Clancey (Me.) 26 L.R.A.(N.S.) 1213, 75 Atl. 293; Larned v. Vanderlinde (Mich.) 131 N. W. 165.

*McGee & Goss,* for respondent.

Negligence, common law and ordinance. Common-law negligence, established by (1st) independent proof; (2nd) law of case on former appeal, 178 N. W. 964; Rhode v. Duff, 208 Fed. 115; Standwood v. Clancey (Me.) 26 L.R.A.(N.S.) 1213; Larned v. Vanderlinde (Mich.) 131 N. D. 165; Costello v. Farmers Bank (N. D.) 157 N. W. 982.

We think the proper and true test of legal liability is whether the excavation is substantially adjoining the way. 178 N. W. 966.

Two rules are to be borne in mind in determining whether contributory negligence exists under the circumstances in evidence in this case. The first is whether fair-minded men might differ under all the facts disclosed by the evidence whether plaintiff was careless, that is, negligent. Coulter v. G. N. R. Co. 5 N. D. 568, 67 N. W. 1046.

And the second principle applicable in this case is that the plaintiff was "bound to use care commensurate with and known on reasonably apprehended danger only." Pendroy v. G. N. R. Co. 17 N. D. 433, 442, 117 N. W. 531.

BRONSON, J. In an action for personal injuries plaintiff recovered

a verdict for $12,230 with interest. Defendant has appealed from the judgment and the order denying judgment non obstante or, in the alternative, for a new trial. The cause was before this court heretofore upon a demurrer to the complaint. See 46 N. D. 10, 178 N. W. 965. The facts, as alleged in the complaint, are fully stated in such former opinion. The law of the case was fully and well set forth in such opinion.

In the complaint negligence was predicated against three defendants. At the trial it was stipulated that the appellant-defendant would pay any liability arising from the negligent acts of the defendant Northern Telephone Company. The trial court, at the conclusion of the evidence, dismissed the action against defendant Halvorson.

Defendant challenges the sufficiency of the evidence to support the alleged facts upon which this court formulated the law of the case and found a cause of action to be stated. The pertinent inquiry, therefore, is whether the facts proved support the facts alleged.

Defendant maintains that the evidence fails to show that there was any flying snow or that plaintiff's vision was in any way obscured. Plaintiff, however, testifies to the contrary. In response to a question by defendant's counsel, viz.: "As a matter of fact there was not enough snow to affect your vision at all?" plaintiff responded: "It was blowing. It was a blustery day. It was very stormy and snow in the air. I do not remember any more. It was a stormy day; the snow was in the air something like yesterday, hard, loose snow in the air." The defendant contends that the evidence shows that the plaintiff was not misled at all by the similarity in appearance of the two doors. One, into the meat market, and the other, into the cellar. However, we are of the opinion that the verdict finds ample support in the evidence concerning the allegations of the complaint that plaintiff opened the door into the cellar believing it to be the door opening into the meat market, in the same building, adjacent thereto by some 30 feet and similar to it in appearance. Defendant further contends that the complaint simply describes this cellar door in most general terms while the evidence discloses that such door had a large transparent glass through which could be seen the cellarway and basement stairs; that the basement door was opened by turning a doorknob while the meat market door was opened by pressing down a thumb attachment; that, furthermore, such

basement door was held closed by a six pound weight against which force had to be used in order to open the door. Such facts in the record do not alter the law of the case applied upon the alleged facts. Such evidence afforded some corroborative proof of plaintiff's mistake through the similarity in the doors involved; otherwise, such evidence affected the question of plaintiff's contributory negligence. Defendant further maintains that the evidence discloses familiarity by the plaintiff with the premises. This again concerns the question of contributory negligence. Defendant maintains that the evidence discloses the true facts concerning the condition of the cellarway and the basement door which were not alleged in the complaint and upon which there can be found no violation of the city ordinance. This is covered by the opinion of this court in the former case and properly, in our opinion, the trial court submitted to the jury, as we instructed, the question of whether the ordinance had been violated by defendant.

Defendant complains of the instructions which submitted the questions of negligence and contributory negligence in general terms and in an indefinite manner, and, which refused the requested instructions of defendant. On examination of the instructions we find that the trial court properly instructed upon the questions of negligence and contributory negligence and followed specifically, in its instructions, the law of the case as laid down by this court in its previous opinion. Properly, the trial court denied defendant's requested instructions which assumed, directly or indirectly, as a matter of law, the proper construction and maintenance of the cellar door and cellarway and plaintiff's contributory negligence in opening such cellar door and falling into the cellarway. Upon the record, the question of defendant's negligence and plaintiff's contributory negligence were wholly questions of fact for the jury and were properly submitted to the jury.

We are satisfied that the verdict may not be declared excessive by this court. Between the time of the injury and the trial nearly five years elapsed. The record discloses that plaintiff was severely and permanently injured. She has spent large sums of money in trying to recover her health and former physical well being.

We are of the opinion that defendant has been accorded a fair trial

without the occurrence of any prejudicial error. The judgment and order should be, and are, affirmed with costs.

BIRDZELL, Ch. J., and GRACE and CHRISTIANSON, JJ., concur.

ROBINSON, J., dissents.