Einar TENNYSON, Plaintiff and Appellant,

v.

Lee E. BANDLE, Jr., Defendant
and Respondent.

Civ. No. 8583.

Supreme Court of North Dakota.

Dec. 4, 1970.

Funke & Eaton, Minot, for plaintiff and appellant.

Pringle & Herigstad, Minot, for defendant and respondent.

STRUTZ, Judge, on reassignment.

This is an appeal by the plaintiff from a judgment entered after a jury verdict in favor of the defendant and from an order denying plaintiff's motion for new trial in an action to recover for personal injuries and property damage claimed to have been sustained as a result of the rear-ending of the plaintiff's automobile as he was stopped at an intersectional stop sign. The accident occurred on February 1, 1965. The defendant, who was being transferred to Minot from Nebraska by his employer, was looking for a home in Minot. The plaintiff, a real estate agent, had been showing to the defendant the homes which his company had available. The parties had looked at two houses and were on their way to view a third house when the accident occurred. Each man was driving his own car, the plaintiff driving ahead and the defendant following at a distance of 180 to 200 feet, or about half a block.

The streets of Minot on the day of the accident were more or less slippery, the evidence disclosing that in those streets where the traffic was heavy the snow had been worn down to the pavement, but that the less-traveled thoroughfares were covered with compacted snow.

As the parties were on their way to look at the third house, the plaintiff turned off from a well-traveled street at a point approximately four blocks from the scene of the ensuing accident and drove into a less-traveled street which was covered with compacted snow. After proceeding for approximately four blocks in this street, the plaintiff reached an intersection at which there was a stop sign. He stopped without difficulty. The defendant, following about half a block behind the plaintiff's car, testified that he saw the plaintiff's brake lights go on and saw the plaintiff stop. At that time, defendant testified, he was traveling at the rate of about fifteen miles an hour. As soon as he saw the plaintiff come to a stop, he began to gear down and apply his brakes. The street at the point on which the defendant was driving slopes down toward the stop sign. The defendant asserts that on this incline his car hit a slippery spot which he described on the stand as "just a patch of ice which was there—it wasn't in other places within the city."

Defendant applied his brakes and attempted to turn to the right, but his car slid into the rear of the plaintiff's stopped car. The record discloses that, at impact, the defendant was moving at an estimated five miles an hour. As the plaintiff got out of his automobile after impact, he stepped onto the patch of ice in the street, his feet went out from under him, and he fell heavily to the pavement.

The plaintiff brought this action for damages, alleging that the defendant was negligent in the operation of his automobile and that the injuries which the plaintiff claimed to have suffered were proximately caused by such negligence. The defendant denied any negligence, and asserted that, at the time of the accident, on reaching the patch of ice just before impact, he was confronted with a sudden emergency not of his own making. The plaintiff contended that, since the street in which the parties had been traveling for about four blocks was covered with compacted snow, no sudden emergency existed.

The trial court, over the objections of the plaintiff, instructed the jury on "sudden emergency" in the following language:

"If a person exercising ordinary care is suddenly and unexpectedly confronted with an emergency or situation of peril involving impending danger or the appearance thereof to himself or to others, through no fault of his, he is not expected, nor required, to use the same judgment and prudence that is required of him, in the exercise of ordinary care, in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by an ordinarily prudent person under the same conditions, he does all the law requires of him, although, in the light of afterevents, it appears that a different course would have been better and safer."

The jury returned a verdict for the defendant. The plaintiff thereupon moved for a new trial on the grounds of (1) insufficiency of the evidence to justify the verdict of the jury; (2) that the verdict of the jury was contrary to law; and (3) that, since the evidence clearly disclosed that all the streets of Minot were more or less hazardous at the time of the accident, but that the street in which the parties had been traveling was covered with compacted snow and that no sudden emergency existed, it was error for the trial court to instruct on "sudden emergency" over the objections of the plaintiff.

The trial court denied the plaintiff's motion for a new trial, and the plaintiff now takes this appeal from the judgment entered dismissing his complaint and from the order denying his motion for a new trial.

This appeal presents two issues:

1. Was the evidence sufficient to sustain the verdict of the jury?

2. Was it error for the trial court, on the evidence in the case, to instruct the jury on "sudden emergency"?

The argument presented by the appellant on insufficiency of the evidence deals largely with the evidence relating to a sudden emergency. Both of the above issues therefore will be considered together.

In considering sufficiency of the evidence to sustain the verdict of the jury, the court will adopt the version of the evidence which is most favorable to the verdict. Grenz v. Werre, 129 N.W. 2d 681 (N.D.1964). Thus, in considering such specification of insufficiency of the evidence, the court will assume the truth of the version of the evidence which tends to support the jury's verdict.

The plaintiff strenuously contends that the record shows that all the sreets in the city were slippery and hazardous and that, when the defendant reached the area where the collision occurred, he was not confronted with a sudden emergency; that the defendant knew of or should have anticipated such conditions; and that it therefore was reversible error for the trial court to instruct on "sudden emergency" and to permit the jury to find that a sudden emergency did exist, when the evidence was insufficient to sustain such a finding.

The doctrine of "sudden emergency" based upon the negligence of another person is set forth in 61 C.J.S. Motor Vehicles § 460, page 35, as follows:

"Where a traveler upon or across a highway is confronted by a sudden emergency created by the negligence of another and not by his own fault, he is not held to the same degree of care and prudence as is ordinarily demanded of a person who has time for deliberation and the full exercise of his judgment, and he is not guilty of contributory negligence if he acts as an ordinarily prudent person would act under like circumstances [citing Bauer v. Kruger, 114 N.W.2d 553 (N.D.1962); Gravseth v. Farmers Union Oil Co. of Minot, 108 N.W.2d 785 (N.D.1961); and Lostegaard v. Bauer, 78 N.D. 711, 51 N.W.2d 761 (1952)]."

However, it is not only in cases where a person is confronted by a dangerous situation created by the negligence of another person that the "sudden emergency" doctrine is applied by the courts. As a general rule, one who is confronted by a sudden emergency, whether it was created by the negligence of another person or by a condition not the result of his own negligence, is not held to the same accuracy of judgment as would be required if he had time for deliberation. In such case, if he exercises such care as an ordinarily prudent person would exercise in a like emergency, he is not liable for a resulting injury. 65 C.J.S. Negligence § 17a, at 603.

Thus the "sudden emergency" rule is available as a defense where the condition or circumstance relied upon as a sudden emergency arose suddenly and unexpectedly and called for immediate action, leaving no time for deliberation, and was not brought about by the negligence of the party seeking to avail himself of this defense. Skelly v. King, 443 S.W.2d 953 (Tex.Civ.App.1969).

The "sudden emergency" doctrine has been applied in judging a motorist's conduct where an animal has suddenly appeared in the path of such motorist. Aden v. Allen, 3 So.2d 905 (La.App.1941); Cone v. Davis, 66 Ga.App. 229, 17 S.E.2d 849 (1941).

The plaintiff asserts that the street where the accident occurred was covered with compacted snow and that the defendant, had he been exercising ordinary care, should have foreseen that an

extremely icy spot might be encountered at any time. However, whether the defendant, as an ordinarily prudent man, should have anticipated the possibility of the existence of such an extremely icy spot was, we believe, a question for the jury to determine and was not a question for the court to determine as a matter of law. This court has held that whether a motorist was confronted with a sudden emergency and, if he was, whether he acted as an ordinarily prudent man would have acted under like circumstances are jury questions unless the evidence is such that reasonable men can draw but one conclusion therefrom. Degenstein v. Ehrman, 145 N.W.2d 493 (N.D.1966).

■ Of course, every unexpected occurrence does not constitute a sudden emergency. It must not be a situation which the party claiming the benefit of the "sudden emergency" rule helped to create. It must be a sudden emergency confronting him with such a condition that he momentarily is rendered incapable of deliberate and intelligent action. If the record before us had disclosed that the condition of the street at the point of the accident was the same as it had been for some distance where the parties had driven before they reached the scene of the accident, there clearly would have been no sudden emergency, and an instruction on the "sudden emergency" doctrine would have been error. However, the record discloses that the condition of the street at the scene of the accident was not the same as it had been on streets previously traveled by the parties. The defendant testified:

"* * * this was just a patch of ice which was there—it wasn't in other places within the city."

Whether this sudden change in the condition of the street created a sudden emergency is something upon which reasonable men might well disagree. The issue therefore was properly submitted by the trial court to the jury. We have examined the record and determine that there was evidence in this case upon which the court could properly submit the issue of sudden emergency to the jury, and that there was sufficient evidence to justify the verdict.

■ This court repeatedly has held that a verdict of the jury, on conflicting evidence, will not be disturbed on appeal in the absence of legal error. Spalding v. Loyland, 132 N.W.2d 914 (N.D.1965); Holten v. Amsden, 161 N.W.2d 478 (N.D.1968).

■ Where there is a substantial conflict in the evidence, the reviewing court will not set aside, on appellant's claim of insufficiency of the evidence, the verdict of the jury. We heretofore have held that, in the absence of an abuse of discretion on the part of the trial court, the Supreme Court will not set aside the ruling of the trial court on a motion for new trial on the ground of insufficiency of the evidence to sustain the verdict. Clark v. Josephson, 66 N.W.2d 539 (N.D. 1954); Kern v. Art Schimkat Construction Co., 125 N.W.2d 149 (N.D.1963).

For reasons set forth in this opinion, the judgment of the trial court and its order denying a new trial are affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.